**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUGHRICH ENTERPRISES LLC,<br><br>                   Plaintiff,<br><br>        *-against-*<br><br>GBG USA INC.,<br><br>                  Defendant. | Case No.:<br><br><br>**COMPLAINT** |

Plaintiff Hughrich Enterprises LLC ("Hughrich" or "Plaintiff"), by and through its undersigned counsel, Norris McLaughlin, P.A., for its complaint against defendant GBG USA Inc. ("GBG" or "Defendant"), respectfully alleges, upon knowledge as to its own actions and information and belief as to others' actions, as follows:

**NATURE OF ACTION**

1.      This action arises out of GBG's breach of its obligations to Hughrich under a May 18, 2018 consulting agreement (the "Consulting Agreement").  A copy of the Consulting Agreement is attached hereto as Exhibit "A" and incorporated herein.  GBG retained Hughrich to provide consulting services for a term commencing on May 1, 2018 continuing through April 30, 2020, with a fixed consulting fee to be paid to Hughrich of $21,000 per month.  Hughrich was also eligible to receive a bonus of up to $100,000 per fiscal year provided that certain financial targets were met.  GBG has not made payment to Hughrich on any invoices since payment for the May 2019 invoice, and has indicated that it will not pay the pending invoices or any future invoices.  Accordingly, Hughrich brings this action against GBG for the monthly service fees and bonus payments owed to it under the Consulting Agreement.

## PARTIES

2.      Hughrich is a Florida limited liability company, with a principal place of business in West Palm Beach, Florida. The members of Hughrich are domiciliaries of Florida.

3.      Upon information and belief, GBG is a Delaware corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

4.      Jurisdiction exists pursuant to 28 U.S.C. § 1332, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      GBG consented to personal jurisdiction of this Court pursuant to section 17 of the Consulting Agreement.

6.      Venue is appropriate in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(1) because it is the judicial district in which GBG resides, and the parties agreed that any claim shall be filed in New York, New York.

## FACTS

**Background and Terms of the Consulting Agreement**

7.      In or about December 2017, TASL Brand Holdings LLC ("TASL Holdings") acquired through a series of transactions certain intellectual property including the "Tahari ASL" brand.  Prior to those transactions, Tahari ASL L.L.C., a company co-founded and managed by Hughrich's manager, Arthur S. Levine ("Levine"), had produced and marketed women's clothing under the "Tahari ASL" brand and related brands.

8.      Contemporaneously with the acquisition of that intellectual property, TASL Holdings and GBG entered into a License Agreement, dated December 18, 2017, as amended (the "License Agreement").

9.      The TASL Division of GBG was established pursuant to the License Agreement

for the purpose of designing, importing, manufacturing, distributing, marketing, promoting and

selling women's suits, suit separates and dresses bearing the Tahari ASL brand, certain other

brands as listed on Schedule 2 of the License Agreement, or other brands subsequently

developed or acquired by the TASL Division, and subsequently introduced by the TASL

Division (collectively, the "TASL Business").

10.     On or about May 18, 2018, GBG and Hughrich entered into the Consulting

Agreement, under which Hughrich was to provide the services of Levine to "act as a strategic

advisor with respect to the 'Tahari ASL' brand and the TASL Business, providing continued

education, advice and guidance with respect to the creative process and direction of the TASL

Business and the value proposition of the TASL Business to the end consumer." Hughrich,

which is managed by Levine, did make Levine available to provide the consulting services under

the Consulting Agreement.

11.     The Consulting Agreement provided that Hughrich would be paid a monthly fee

of $21,000, payable each month within fifteen days of receipt by GBG of a non-detailed invoice.

12.     Hughrich billed GBG monthly, and until recently, GBG paid such invoices.

Payments were made by GBG through the invoice for the month of May 2019.

13.     The Consulting Agreement also provided for a yearly bonus to be paid to Hughrich,

provided that a profit threshold was met. Specifically, Section 5 of the Consulting Agreement

stated as follows:

(a)     If, at the end of the fiscal year of [GBG], the Operating Profit set forth in
        the Target Budget has been achieved, [Hughrich] will be entitled to a bonus
        of One Hundred Thousand Dollars ($100,000) (such amount, the "Bonus
        Target");

(b)     If, at the end of the fiscal year of [GBG], between 70% and 100% of the Operating Profit set forth in the Target Budget has been achieved, [Hughrich] will be entitled to a bonus equal to the Bonus Target multiplied by the proportional level of the Operating Profit achieved and 100% (e.g., if 90% of the Operating Profit set forth in the Target Budget is achieved, [Hughrich] shall be entitled to receive 66.67% ((90%-70%)/30%) of your Bonus Target).

(Consulting Agreement, §5.)

14.     The initial term of the Consulting Agreement runs from May 1, 2018 through April 30, 2020, and automatically renews unless either party gives written notice of nonrenewal at least ninety (90) days prior to the expiration of the current term.  (Consulting Agreement, §3.)

15.     Section 17 of the Consulting Agreement provides, in part, that any litigation between the parties is to take place in New York, New York and that the prevailing party is entitled to its attorney's fees, costs and expenses:

> Any claim or controversy between the parties arising out of or related to this [Consulting] Agreement shall be filed only in a court situated in New York, New York, and [Hughrich] and the [GBG] each hereby consents to the jurisdiction of such courts for such purposes. In any such litigation, the prevailing party will be entitled to recover from the nonprevailing party all of the prevailing party's reasonable costs and expenses of such litigation, including fees and disbursements of attorneys and experts.

(Consulting Agreement, §17.)

**GBG Breached The Consulting Agreement**

16.     On or about August 8, 2019, Hughrich sent to GBG an invoice in the amount of $21,000, for consulting fees for the month of June 2019. A copy of the June 2019 invoice is attached hereto as Exhibit "B" and incorporated herein.

17.     On or about August 8, 2019, Hughrich sent to GBG an invoice in the amount of $21,000, for consulting fees for the month of July 2019. A copy of the July 2019 invoice is attached hereto as Exhibit "C" and incorporated herein.

18.     On or about September 23, 2019, Hughrich sent to GBG an invoice in the amount of $21,000, for consulting fees for the month of August 2019. A copy of the August 2019 invoice is attached hereto as Exhibit "D" and incorporated herein.

19.     On or about September 23, 2019, Hughrich sent to GBG an invoice in the amount of $21,000, for consulting fees for the month of September 2019. A copy of the September 2019 invoice is attached hereto as Exhibit "E" and incorporated herein.

20.     On or about November 5, 2019, Hughrich sent to GBG an invoice in the amount of $21,000, for consulting fees for the month of October 2019. A copy of the October 2019 invoice is attached hereto as Exhibit "F" and incorporated herein.

21.     GBG has not paid Hughrich the monthly invoices for June, July, August and September 2019, despite being provided monthly invoices by Hughrich as required by the Consulting Agreement and payments, therefore, are overdue.

22.     Based upon communications from GBG, Hughrich does not expect that GBG will pay the October 2019 invoice or any subsequent invoices.

23.     On September 17, 2019, Les Schreiber ("Schreiber"), on behalf of Hughrich, emailed GBG to inquire about when payment would be made on the outstanding invoices. Schreiber was advised by a GBG representative that she was directed to "stop all payments monthly [on the] consulting [agreement]."

24.     On September 26, 2019, GBG's accounts payable representative emailed Schreiber stating "Per our management's instruction, we should not to pay this vendor-*Z*HUGHRICH ENTERPRISES LLC. Therefor *[sic]* we will disregard enclosed invoices and any invoices sent by this vendor in future."

25.     On or about October 11, 2019, Hughrich's counsel wrote to GBG demanding full and immediate payment of the past due consulting fees and requesting assurance that further payments would be made as they became due under the Consulting Agreement. The October 11 letter also sought confirmation about the status of any bonus for the 2019 fiscal year.

26.     GBG did not respond to the October 11, 2019 correspondence and still has not paid the outstanding amounts owed to Hughrich under the Consulting Agreement.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

27.     Hughrich repeats and realleges the allegations contained in paragraphs 1 through 26  as though fully set forth herein.

28.     The Consulting Agreement constitutes a valid and binding agreement between Hughrich and GBG.

29.     Hughrich has fully complied with its obligations pursuant to the Consulting Agreement.

30.     GBG has breached its obligations under the Consulting Agreement by failing to make payment to Hughrich for the invoices for the months of June 2019 to date and by communicating that it will no longer pay for any invoices from Hughrich.

31.     Upon information and belief, GBG has also breached Section 5 of the Consulting Agreement by failing to pay Hughrich a bonus at the end of GBG's fiscal year (March 31, 2019). GBG is not expected to pay Hughrich a bonus at the end of GBG's next fiscal year (March 31, 2020).

32.     As a result of the aforementioned breaches, Hughrich has been damaged in an amount to be determined at trial but estimated to exceed $450,000.

## SECOND CAUSE OF ACTION
### (Account Stated)

33.     Hughrich repeats and realleges the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

34.     Hughrich provided GBG monthly invoices for the months of June, July, August, September and October 2019, each in the amount of $21,000.

35.     Each of Hughrich's invoices is an account stated in the specific amounts between Hughrich and GBG.

36.     GBG received and accepted the aforesaid invoices without protest or objection but failed and refused to pay the amounts due and owing.

37.      Hughrich has requested that GBG pay the balance due with respect to these accounts, but GBG has refused to do so.

38.     By reason of GBG's receipt and acceptance without objection of Hughrich's invoices, there is an account stated between the parties with regard to the invoices, and Hughrich is entitled to judgment as and against GBG in the principal sum of $105,000, together with attorneys' fees, costs and interest.

## THIRD CAUSE OF ACTION
### (Anticipatory Breach of Contract)

39.     Hughrich repeats and realleges the allegations contained in paragraphs 1 through 38  as though fully set forth herein.

40.     Pursuant to the Consulting Agreement, and in exchange for good and valuable consideration, GBG agreed to, *inter alia,* pay Hughrich a $21,000 per month consulting fee for the duration of the term of the agreement.

41.     GBG has not paid the monthly consulting fee since payment of the May 2019 invoice, despite Hughrich having fully complied with its obligations pursuant to the Consulting Agreement.

42.     In the September 17 and September 26 email communications with Schreiber, GBG expressly stated that GBG management had made the determination and directed GBG's accounts payable department to not pay Hughrich the amounts owed under the outstanding invoices, as well as any future invoices.

43.     On October 11, 2019, Hughrich's counsel wrote to GBG demanding full and immediate payment of the past due consulting fees and requesting assurance that further payments would be made as they became due under the Consulting Agreement. The October 11 letter also sought confirmation about the status of any bonus for the 2019 fiscal year.

44.     GBG has not responded to Hughrich's October 11, 2019. GBG did not pay the outstanding amount due to Hughrich and failed to provide assurances that the payments would be made as they became due under the Consulting Agreement.

45.     GBG has no basis to refuse the monthly payment of the consulting fee as required under the Consulting Agreement.

46.     As a result of the aforementioned anticipatory breach, Hughrich has been damaged in an amount to be determined at trial but estimated to exceed $450,000.

**WHEREFORE**, Plaintiff Hughrich Enterprises LLC hereby demands that a judgment be entered as follows:

(a)     On Hughrich's first cause of action, compensatory damages to Hughrich in an amount to be determined at trial but estimated to exceed $450,000, together with pre-judgement and post-judgment interest, attorneys' fees, costs and expenses;

(b)     On Hughrich's second cause of action, compensatory damages to Hughrich in the

amount of $105,000, together with pre-judgement and post-judgment interest,

attorneys' fees, costs and expenses;

(c)     On Hughrich's third cause of action, compensatory damages to Hughrich in an

amount to be determined at trial but estimated to exceed $450,000, together with

pre-judgement and post-judgment interest, attorneys' fees, costs and expenses;

together with such other, further and different relief that the trial court deems just and proper in

the circumstances.


Dated:  New York, New York                    **NORRIS MCLAUGHLIN, P.A.**
        November 6, 2019


                                              By:*/s/ Mark L. Weyman*
                                                 Mark L. Weyman, Esq.
                                                 Eleanor Grinshteyn, Esq.
                                                 875 Third Avenue, 8th Floor
                                                 New York, New York 10022
                                                 Phone: (212) 808-0700
                                                 Fax: (212) 808-0844
                                                 Email:  mweyman@norris-law.com
                                                 Email:  egrinshteyn@norris-law.com
                                                 *Attorneys for Plaintiff Hughrich Enterprises LLC*


9